UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

LEONARD ORCUTT,
Petitioner

v.

Gary Roden
Superintendent, Massachusetts Correctional Institution - Norfolk
Respondent

ORCUTT'S MEMORANDUM IN SUPPORT OF
PETITION FOR A WRIT OF HABEAS CORPUS

Nadell Hill
BBO No. 632976
P.O. Box 498
Adams, MA 01220
413-743-1569
nhill@socialaw.com

Date: June 1, 2011

- i -

TABLE OF CONTENTS

INTRODUCTION..................................................................................................1

PROCEDURAL HISTORY...................................................................................1

STATEMENT OF FACTS....................................................................................2

STANDARD OF REVIEW...................................................................................5

ARGUMENT

    THE DEFENDANT WAS DENIED HIS RIGHT TO COUNSEL IN
    VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED
    STATES CONSTITUTION WHEN THE TRIAL JUDGE REFUSED
    TO ALLOW STAND-BY COUNSEL TO TAKE OVER FULL
    REPRESENTATION OF THE DEFENDANT DESPITE STAND-BY
    COUNSEL'S READINESS AND WILLINGNESS TO DO SO.....................5

CONCLUSION......................................................................................................8

RECORD APPENDIX TABLE OF CONTENTS................................................10

## INTRODUCTION

In this case, the defendant waived his right to counsel and chose to represent himself at trial. On the second day of the trial he realized he was not able to do so competently and requested that stand-by counsel take over full representation. Stand-by counsel was not prepared to take over full representation without a continuance until the next morning. The request for a continuance was denied and the defendant continued to represent himself for the balance of day two. Then on day three stand-by counsel was prepared to take over full representation that morning but the trial judge would not allow the defendant to reclaim his right to counsel despite the fact that stand-by counsel was able and willing to do so. The fact that the defendant was prohibited from reclaiming his right to counsel even though he was not seeking hybrid representation and even though reclaiming his right to counsel would not have caused any delay in the proceedings is the basis of his claim for relief.

## PROCEDURAL HISTORY

On November 30, 2006, after a jury trial, the defendant was found guilty of three counts of unarmed robbery. On December 1, 2006, after a jury waived trial, the defendant was found guilty of two counts of being a habitual offender and was sentenced to life. On December 29, 2006, the defendant filed a timely notice of appeal. On July 17, 2009, in a Memorandum And Order Pursuant To Rule 1:28, the Appeals Court affirmed

the convictions [RA. 1].[1] On June 18, 2010, the Supreme Judicial Court denied the defendant's application for further appellate review [RA. 3].

## STATEMENT OF THE RELEVANT FACTS

Prior to the start of jury impanelment, defense counsel informed the judge that Orcutt would be taking over and representing himself after jury selection was completed [Tr. I/39-40]. After the jury were selected, the judge conducted a waiver-of-counsel colloquy with Orcutt, defense counsel was appointed as stand-by counsel, and Orcutt represented himself for the remainder of day one [Tr. I/151-159]. Then part way through day two of the trial Orcutt asked the judge to allow stand-by counsel to take over representation [Tr. II/119-120]. Orcutt stated that trying to bring out certain points in the courtroom was not the same as he thought it would be when he was in his cell [Tr. II/119]. Orcutt said he was driven around for four hours after day one of the trial and did not return to the prison until 8:00 at night [Tr. II/119]. Orcutt added that he got very little sleep and he was having a hard time holding a thought [Tr. II/119-120]. Orcutt said he spoke with stand-by counsel and counsel would be able to take over the next morning if she could have the afternoon to prepare [Tr. II/120]. The judge reminded Orcutt that he did not conduct the waiver-of-counsel colloquy as soon as the judge learned that Orcutt wanted to represent himself but rather gave Orcutt more time to think about it [Tr. II/120-121]. The judge then added:

---

1. A Record Appendix is attached to this memorandum and is cited as [RA. Pg]. The trial transcript is in five volumes and is cited as [Tr. Vol/pg].

2

The Court has to look at this point at all of the issues that exist here, issues that involve your right to a fair trial and the Court has tried scrupulously to protect that and has exceeded to your wish that you be able to proceed on your own. It is extremely problematic at this point to have a reversal of course and it is unfair both to the Court, to the jurors and certainly arguably to counsel to have counsel jump at this point and attempt to resume when part of the trial has been done after a full waiver and a full explanation of rights to the defendant. So I think at this point, sir, you're going to need to carry on you own [Tr. II/121].

The trial continued and later Orcutt stopped and said, "Your Honor, I just can't think" [Tr. II/140]. At sidebar Orcutt added, "I've been up since 2:00 a.m. and my mind is just mush right now. I can't think" [Tr. II/140]. Orcutt again stated that stand-by counsel said she could resume representation if she had the afternoon to prepare [Tr. II/142]. The judge responded:

Sir, you made your election, sir, and it's going to proceed with you representing yourself. The Court notes for the record that the defendant has been able to ask questions of each of the witnesses. He's appeared to be attentive throughout the trial. He's made timely objections. A number of his objections have been sustained throughout the course of the trial. Sir. You just need to ask this witness further questions and you need to proceed [Tr. II/142].

Orcutt continued cross examining the witness for a bit and then said, "I can't do this right now. I'm too tired" [Tr. II/144]. At sidebar the following exchange occurred:

Court: Mr. Orcutt, sir, you have a right to ask further questions of this witness

regarding the statement.

Orcutt: I have nothing. I can't think. I have no ability to form thoughts right now —

— to form questions. I can't even think right now. I've been up since 2

o'clock in the morning.

3

> Court: Well, that's one of the hazards that the Court informed you of at the time you elected — — that's why the Court gave you plenty of time — —
>
> Orcutt: I understand that. I wasn't thinking about that I was going to be dragged around from 5:00 in the morning to 8 o'clock at night and all that [Tr. II/144-145].

The judge decided to take the lunch break early so that Orcutt could confer with stand-by counsel [Tr. II/146]. After the jury was dismissed for lunch the judge stated:

> So the record is clear, the defendant in electing to proceed pro se is held to the same rules as would an attorney. He needs to handle the case and conduct the case on his own behalf. We are affording him stand-by counsel of a skilled and experienced lawyer so he can have full opportunity to consult with her. However, his decision to represent himself was his own decision and under all the governing case law, the Court honors the defendant's volitional request that he represent himself [Tr. II/148].

Before the trial resumed after lunch, Orcutt asked if he could sit while asking questions. [Tr. II/149-150]. Orcutt added that he is sometimes hypoglycemic and the food he ate at lunch seemed to give him "a little bit of a second wind" [Tr. II/150]. The judge agreed to let Orcutt sit while asking questions and the trial continued [Tr. II/150].

First thing in the morning on day three of the trial, stand-by counsel indicated that she was ready and willing to take over representation for the rest of the trial [Tr. III/5-6]. However, the judge ruled that Orcutt had a right to represent himself, he elected to represent himself, and would have to finish the trial himself [Tr. III/8-9].

4

## STANDARD OF REVIEW

When the Appeals Court decided Commonwealth v. Orcutt, 2008-P-0775, in a footnote the Court cited the Supreme Judicial Court's holding in Commonwealth v. Molino, 411 Mass. 149 (1991). Molino cited the Supreme Court's holdings in Gideon v. Wainwright, 372 U.S. 335 (1963); Faretta v. California, 422 U.S. 806 (1975); and McKaskle v. Wiggins, 465 U.S. 168 (1984). Therefore, this Court reviews Orcutt's claim under the "unreasonable application" test.

## ARGUMENT

THE DEFENDANT WAS DENIED HIS RIGHT TO COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE TRIAL JUDGE REFUSED TO ALLOW STAND-BY COUNSEL TO TAKE OVER FULL REPRESENTATION OF THE DEFENDANT DESPITE STAND-BY COUNSEL'S READINESS AND WILLINGNESS TO DO SO.

A criminal defendant's right to counsel is protected by the Sixth Amendment to the United States Constitution. Gideon v. Wainwright, 372 U.S. 335 (1963). A criminal defendant also has the right of self-representation. Faretta v. California, 422 U.S. 806, 814-821 (1975). However, a defendant does not have a constitutional right to the type of hybrid representation that involves choreographing special appearances by counsel. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984). The above notwithstanding, there is no Supreme Court holding on the question of whether a defendant can reclaim his right to counsel once he has waived it if reclaiming that right would not cause any delay in the proceedings. Nevertheless, extending a legal principle from a Supreme Court precedent

5

to a context where it should not apply should be analyzed under the "unreasonable application" clause of 28 USC s.2254(d)(1). <u>Williams v. Taylor</u>, 529 U.S. 362, 407-409 (2000). In the present case, the Appeals Court's application of the rule from <u>McKaskle v. Wiggins</u>, the rule that a defendant does not have a constitutional right to the type of hybrid representation that involves choreographing special appearances by counsel, was an unreasonable application of the Supreme Court's precedent.

Applying the <u>McKaskle v. Wiggins</u> rule to Orcutt was unreasonable because the two cases are so factually dissimilar. <u>Wiggins</u> involved hybrid representation. <u>Wiggins</u> at 183. In hybrid representation the defendant and counsel act as co-counsel. <u>Locks v. Sumner</u>, 703 F.2d 403, 407 (9th Cir. 1983).[2] Indeed, in <u>Wiggins</u>, during the trial, counsel questioned a witness on voir dire, moved for a mistrial, requested a cautionary instruction to the jury, and made the closing argument. <u>Wiggins</u> at 182-183,185. By contrast, in the present case, Orcutt was not seeking hybrid representation. Rather, he wanted stand-by counsel to take over full representation [Tr. II/119-120]. Although on the second day of trial counsel wanted a continuance until the next morning before taking over full representation, on the third day of trial counsel was prepared to take over full representation right away [Tr. 5-6].

While the question of reclaiming the right to counsel has not been addressed by the Supreme Court, the issue has been addressed in the Circuit Courts. In the Circuit Courts

---

2. The Massachusetts Courts use the same definition of hybrid representation. See <u>Commonwealth v. Molino</u>, 411 Mass. 149, 153 n.5 (1991).

6

the test for determining whether a defendant can reclaim the right to counsel is whether doing so would cause any delay in the proceedings or whether the trial is already well underway. For example, the First Circuit indicated that a Court has the discretion "to refuse a defendant's request to withdraw from self-representation after a valid waiver if a defendant seeks counsel in an apparent effort to delay or disrupt proceedings on the eve of trial, or once trial is well underway." U.S. v. Proctor, 166 F.3d 396, 402 (1st Cir. 1999). This echoed the Tenth Circuit's holding in U.S. v. Merchant, 992 F.2d 1091 (10th Cir. 1993). Merchant at 1095. The Seventh Circuit held that " if at the last minute [the defendant] gets cold feet and wants a lawyer to defend him he runs the risks that the judge will hold him to his original decision in order to avoid the disruption of the court's schedule that a continuance granted on the very day the trial is scheduled to begin is bound to cause." U.S. v. Tolliver, 937 F.2d 1183, 1187 (7th Cir. 1991). However, the Seventh Circuit added that "it is well within the discretion of the court to deny as untimely requests for counsel made after meaningful trial proceedings have begun. Tolliver at 1187. The Eleventh Circuit indicated that "the functional right of a defendant to withdraw his request to represent himself and reassert the right to counsel at any time immediately before, or perhaps even during trial, is, absent deliberate manipulation, virtually assured. Although a defendant does not have a right to hybrid representation, in practice a trial judge is hard-pressed to deny the aid of counsel to a defendant who initially seeks to represent himself but later declares himself legally incompetent to

7

proceed any further." Horton v. Dugger, 895 F.2d 714, 716 (11th Cir. 1990). The Eleventh Circuit added that once a defendant asserts his right to self-representation and "has been allowed to proceed pro se, he may not be able to change his mind and obtain the counsel if that course of action would require a disruptive continuance." Horton at 716.

In the present case, the Appeals Court did not hold that the defendant's request to reclaim his right to counsel was untimely because the trial was well underway. Rather, the Appeals Court held that it was within the judge's discretion to prohibit Orcutt from reclaiming his right to counsel because doing so might have required a continuance [RA 1-2]. However, on the third day of trial when counsel tried to take over full representation, there was no mention of a continuance by anyone. Regardless, the only Supreme Court precedent the Appeals Court relied upon through its citing of Commonwealth v. Molino, 411 Mass. 149 (1991), concerns hybrid representation and as indicated above, Orcutt was not seeking hybrid representation.

## CONCLUSION

Applying the rule from McKaskle v. Wiggins, the rule that a defendant does not have a constitutional right to the type of hybrid representation that involves choreographing special appearances by counsel, to Orcutt's case was an unreasonable application of the Supreme Court's precedent. Therefore the writ should issue.

Respectfully Submitted,

Leonard Orcutt,

by his attorney,

Nadell Hill

P.O. Box 498
Adams, MA 01220
413-743-1569
BBO No. 632976
nhill@socialaw.com

9