United States District Court
District of Massachusetts

```
_____
                           )
LEONARD ORCUTT,            )
                           )
         Petitioner,       )
                           )    Civil Action No.
      v.                   )    11-30153-NMG
                           )
GARY RODEN,                )
         Respondent.       )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

On September 27, 2012, this Court dismissed the habeas petition of Leonard Orcutt ("Orcutt"). The Court now addresses whether Orcutt is eligible for a Certificate of Appealability.

I. Background

The facts of this case are described at length in Magistrate Judge Bowler's Report and Recommendation (Docket No. 14) and need not be repeated here. In his habeas petition, Orcutt challenged his conviction on the grounds that he was deprived of his Sixth Amendment right to effective assistance of counsel. This Court denied relief on that ground and dismissed his petition.

II. Legal Analysis

  A. Standard

Section 2253(c) of Title 28 of the United States Code

provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The debatable-among jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith." Id. When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

### B. Application

Orcutt contends that he was denied his Sixth Amendment right to effective assistance of counsel when the trial court rejected the offer of petitioner's standby to resume representation on the third day of trial. This Court concluded that petitioner was not entitled to such representation, reasoning that the state appeals

court did not apply an unreasonable application of clearly established federal law. Because reasonable jurists could not debate the outcome, a certificate of appealability is unwarranted.

**ORDER**

In accordance with the foregoing, petitioner's motion for a Certificate of Appealability is **DENIED**.

**So ordered.**

　　　　　　　　　　　　　　　　／s／ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　United States District Judge

Dated November 30, 2012